IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cv507
(3:05cr241)

| | |
|---|---|
| WILLIE LEWIS REESE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court upon the petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 2). For the reasons stated below, the motion will be dismissed.

I.  FACTUAL AND PROCEDURAL BACKGROUND

On May 26, 2005, the grand jury charged the petitioner with possessing a firearm (Count One) and ammunition (Count Two) after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g) and 924(e). (Case No. 3:05cr241, Doc. No. 1: Indictment). On February 6, 2006, the petitioner filed a plea agreement admitting his guilt to Count One and his qualification to be sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). (Case No. 3:05cr241, Doc. No. 15: Plea Agreement at ¶¶ 1, 4). On February 21, 2006, the petitioner entered his plea before a magistrate judge, who found that it was knowingly and voluntarily entered. (Case No. 3:05cr241, Doc. No. 17: Acceptance and Entry of Guilty Plea). On August 1, 2006, the Court sentenced the petitioner to the statutory mandatory minimum sentence of 180 months' imprisonment and entered judgment on September 7, 2006. (Case No. 3:05cr241, Doc. No. 19: Judgment).

The petitioner did not file a direct appeal. Rather, on April 6, 2007, he filed a letter-motion asking the Court to extend his deadline for filing a notice of appeal claiming that his attorney failed to file an appeal when directed to do so. (Case No. 3:05cr-241, Doc. No. 26). The Court denied the letter-motion as untimely under Federal Rule of Appellate Procedure 4(b) and noted that an action under 28 U.S.C. § 2255 could provide the appropriate remedy. (Case No. 3:05cr241, Doc. No. 28: Order).

On June 25, 2007, the petitioner filed a letter-motion asking the Court to extend the deadline for filing a § 2255 motion, which assumed the deadline expired on August 31, 2007, the date of sentencing. (Case No. 3:05cr241, Doc. No. 31). On July 30, 2007, the Court held that it lacked authority to extend the filing deadline and clarified that the one-year limitations period ran from the date the judgment was entered.[1] (Case No. 3:05cr241, Doc. No. 33: Order).

On September 10, 2007, the petitioner sent the Court a letter-motion complaining about the constitutionality of his guilty plea, and on September 20, 2007, he sent the Court an addendum to that letter-motion, complaining that his attorney had failed to file an appeal for him. (Case No. 3:05cr241, Doc. No. 35: Letter-Motion, Doc. No. 34: Addendum). The letter-motion was docketed as a motion to vacate under § 2255, and the instant civil case was opened. (Doc. No. 1). However, on December 12, 2007, the petitioner signed a form-motion to vacate under § 2255, raising several allegations of ineffective assistance of counsel, including the two matters of raised in his September letter-motion and addendum. (Doc. No. 2).

---

[1] The Court assured the petitioner that he could file a motion without having all the supporting documentation and could request additional time to supplement a filed motion. (Case No. 3:05cr241, Doc. No. 33: Order at 2).

On December 14, 2007, the petitioner signed a Notice of Appeal in the criminal case attacking the final judgment based on the alleged discovery of new evidence of ineffective assistance of counsel. (Case No. 3:05cr241, Doc. No. 36). On January 22, 2008, the Fourth Circuit advised the petitioner and this Court that the appeal would be held in abeyance pending resolution of the § 2255 motion and that he must file a new notice of appeal or motion for certificate of appealability when that occurred. (Case No. 3:05cr241, Doc. No. 39).

On September 17, 2008, in accordance with Castro v. United States, 540 U.S. 375 (2003), the Court gave the petitioner the opportunity to advise whether he intended his letter-motion and addendum, (Case No. 3:05cr241, Doc. Nos. 35 and 34), to be construed as a motion to vacate under § 2255, and whether he intended his form-motion to vacate, (Doc. No. 2), to be construed as a supplement to his letters. (Doc. No. 5: Order at 1-2). The Court further warned the petitioner of the rules pertaining to successive motions to vacate, and directed him, pursuant to Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), to explain why the form-motion to vacate, dated December 12, 2007, should be considered timely since it was filed after the one-year limitations period expired on September 21, 2007. (Id. at 2-3).

On October 8, 2008, the petitioner responded that the Court had misconstrued his September letter-motion and addendum as a § 2255 motion, explaining that he had submitted them to bring the alleged unconstitutional plea to the Court's attention. (Doc. No. 6: Motion at 1). He stressed that his § 2255 motion was filed in December 2007 and that it was not an amendment. (Id. at 6). He did not explain the failure to timely file the § 2255 motion, but rather questioned why he was not informed when the time ran out. (Id. at 5). Accordingly, the merits of the letter-motion and addendum (Case No. 3:05cr241, Doc. Nos. 35 and 34) will be addressed

by separate order in the criminal case, and the merits of the form-motion (Doc. No. 2) will be discussed below.

II. DISCUSSION

Rule 4(b) of the Rules Governing Section 2255 Proceedings, directs sentencing courts promptly to examine motions to vacate. When it plainly appears from a motion, any attached exhibits, and the record of prior proceedings that a petitioner is not entitled to relief, a court must dismiss the motion.

Actions brought under § 2255 are subject to a one-year limitations period. The statute provides in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. After giving a petitioner the opportunity to present evidence showing a § 2255 motion is timely, a district court may dismiss sua sponte if it was not filed within the one-year limitations period and equitable tolling does not apply. United States v. Blackstock, 513 F.3d 128, 134 (4th Cir. 2008).

Here, the petitioner's conviction and sentence became final on September 21, 2006, when

the time for filing a direct appeal expired. United States v. Johnson, No. 99-7005, 2000 WL 37753 (4th Cir. Jan. 19, 2000). Although his letter-motion and addendum were filed within the limitations period, the petitioner has informed the Court that he did not intend for them to be considered under § 2255. (Doc. No. 6: Motion at 1). The form-motion that he did intend to be considered under § 2255, (Id. at 6), was not signed until December 12, 2007, (Doc. No. 2 at 7). Therefore, it was not filed within one year of the date his conviction became final.

In response to the Court's Hill notice, the petitioner merely stated that he was not warned of the deadline. (Id. at 5). However, this Court did warn him months before the deadline passed that the one-year limitations period ran from the entry of judgment. (Case No. 3:05cr241, Doc. No. 33: Order). Additionally, a petitioner's ignorance or mistake of the law does not warrant equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Therefore, the petitioner's motion to vacate must be dismissed as untimely filed.

III. CONCLUSION

The Court has considered the motion and documents submitted by the petitioner along with the entire record of this matter and finds it is clear that he is not entitled to relief on any of his claims.

**IT IS, THEREFORE, ORDERED** that the petitioner's Motion to Vacate, (Doc. No. 2), is **DISMISSED.**

Signed: October 16, 2008

Robert J. Conrad, Jr.
Chief United States District Judge