IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05cr241

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> vs. ) <br> ) <br> ) <br> WILLIE LEWIS REESE ) <br> ) | ORDER |

THIS MATTER is before the Court upon the letter-motion of the defendant, signed September 10, 2007, (Doc. No. 35), and an addendum to that letter-motion, signed September 20, 2007, (Doc. No. 34).

The defendant asserts in his letter motion that his plea was taken in violation of the Constitution because it is not supported by a factual basis, and he asserts in his addendum that his attorney failed to file an appeal when asked to do so. Consequently, the letter-motion was docketed as a motion to vacate under 28 U.S.C. § 2255. (Case No. 3:07cv507, Doc. No. 1). However, the defendant subsequently filed a form-motion to vacate under § 2255. Therefore, the Court gave the defendant the opportunity, pursuant to Castro v. United States, 540 U.S. 375 (2003), to advise whether he intended his earlier letter-motion and addendum to be considered under § 2255, and whether he intended his form-motion to vacate as a supplement to the letter-motion. (Case No. 3:07cv507, Doc. No. 5: Order). The defendant has responded, stating that the Court misconstrued the letter-motion and addendum as a § 2255 motion, and that his purpose in sending them was to bring the allegedly unconstitutional plea and failure to file an appeal to the Court's attention. (Case No. 3:07cv507, Doc. No. 6: Motion at 1, 7). He stressed that his § 2255 motion was filed in December 2007 and that it was not an amendment. (Id. at 6).

Accordingly, the Court will not consider the letter-motion and addendum under § 2255, but will consider whether the defendant is otherwise entitled to any relief.

Rule 11(b)(3) of the Federal Rules of Criminal Procedure requires a court to determine whether there is a factual basis for a plea before entering judgment. Error in doing so can be raised on direct appeal. United States v. Mastrapa, 509 F.3d 652, 657 (4th Cir. 2007). Once the appellate process is complete, any challenge to a criminal judgment "may generally be brought only pursuant to a specific authorization for collateral review, such as 28 U.S.C. § 2255." United States v. Hartwell, 448 F.3d 707, 715 (4th Cir. 2006). Here, the defendant did not raise the factual basis issue on direct appeal, and he has asked the Court not to consider his claim under § 2255. Yet, he has not provided any other authorization to grant relief, nor has the Court found any. Accordingly, his letter-motion challenging his plea will be denied.[1]

The defendant's claim of ineffective assistance of counsel based on the alleged failure to file an appeal when directed to do so is cognizable under § 2255. United States v. Peak, 992 F.2d 39, 41-42 (4th Cir. 1993). However, the defendant advised the Court not to treat his claim as a motion under § 2255 and has not shown any authority for his claim apart from that statute. Therefore, his addendum claiming ineffective assistance of counsel will also be denied.

---

[1] Even if the Court were to consider the merits of the claim, the defendant would not be entitled to relief. A court may determine at sentencing whether a factual basis exists from the Rule 11 colloquy and from anything in the record. United States v. Martinez, 277 F.3d 517, 531 (4th Cir. 2002). At the sentencing hearing, the defendant stipulated that there was a factual basis for his plea and he did not object to any of the information in the presentence report. (Doc. No. 29: Tr. at 3-4). The Court found that the defendant's plea, his stipulation, and the offense conduct section of the presentence report (¶¶ 5, 6) provided a sufficient factual basis to support his plea to possessing a firearm after being convicted of a felony. (Doc. No. 29: Tr. at 3-4).

**IT IS, THEREFORE, ORDERED** that the defendant's letter-motion (Doc. No. 35) and addendum (Doc. No. 34) are **DENIED**.

The Clerk is directed to certify copies of this order to the defendant and to the United States Attorney.

Signed: October 16, 2008

Robert J. Conrad, Jr.
Chief United States District Judge